

CLERK, U.S. DISTRICT COURT

JAN 22 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11   U S BANK NATIONAL ASSOCIATION, )      NO. CV 14-111 UA
     NOT IN ITS INDIVIDUAL          )      (DUTYx)
12   CAPACITY, BUT SOLELY AS        )
     LEGAL TRUSTEE FOR LVS          )      **ORDER SUMMARILY REMANDING**
13   TRUST I,                       )
                    Plaintiff,      )      **IMPROPERLY-REMOVED ACTION**
14                                  )
                                    )
15              v.                  )
                                    )
16   KRYSTLE L. SCOTT,              )
     JOHN SCOTT,                    )
17   SULLIVAN SCOTT, and            )
     DOES 1 THROUGH 10 INCLUSIVE    )
18                                  )
                    Defendants.     )
19   _____ )

20

21          The Court summarily remands this unlawful detainer action to

22   state court summarily because defendant JOHN SCOTT ("Defendant")

23   removed it improperly.

24

25          On January 6, 2014, Defendant, having been sued in what

26   appears to be a routine unlawful detainer action in California

27   state court, lodged a Notice Of Removal of that action to this

28   Court and also presented an application to proceed _in forma_

1  pauperis.   The Court has denied the latter application under
2  separate cover because the action was not properly removed.   To
3  prevent the action from remaining in jurisdictional limbo, the
4  Court issues this Order to remand the action to state court.

5

6      Simply stated, this action could not have been originally
7  filed in federal court, because the complaint does not competently
8  allege facts supplying either diversity or federal-question
9  jurisdiction, and therefore removal is improper.   28 U.S.C.
10 § 1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S.
11 546, 563 (2005).   Defendant's notice of removal only asserts that
12 removal is proper based upon federal question jurisdiction,
13 alleging that the complaint was based on a defective notice under
14 12 U.S.C. § 5220.   (Notice at 2).   However, the underlying unlawful
15 detainer action does not raise any federal legal question. Nor does
16 it appear that federal law is a necessary element of any of
17 plaintiff's claims.   Moreover, "'the existence of a defense based
18 upon federal law is insufficient to support federal-question
19 jurisdiction.'"  Hall v. North American Van Lines, Inc., 476 F.3d
20 683, 687 (9th Cir. 2007) (quoting Wayne v. DHL Worldwide Express,
21 294 F.3d 1179, 1183 (9th Cir. 2002).   Finally, defendant has not
22 alleged complete diversity of citizenship between the parties and
23 has not established that the amount in controversy exceeds $75,000.
24 See 28 U.S.C. § 1332(a).

25

26      Defendant is further notified and warned that any subsequent
27

28                                    2

1  attempts to remove the underlying state unlawful detainer action to
2  this Court will be improper and will constitute vexatious conduct
3  that the Court will address by way of punitive remedial measures,
4  which may include having defendant designated as a vexatious
5  litigant and barred from commencing any further removal actions
6  with respect to the underlying state unlawful detainer action.

8      Accordingly, IT IS ORDERED that (1) this matter be REMANDED to
9  the Superior Court of California, County Of Los Angeles, 111 North
10  Hill Street, Los Angeles, California 90012, for lack of subject
11  matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the
12  Clerk send a certified copy of this Order to the state court; and
13  (3) that the Clerk serve copies of this Order on the parties.

15      IT IS SO ORDERED.
16  DATED: 1-16-14

18                          _____
                            GEORGE H. KING
19                          CHIEF UNITED STATES DISTRICT JUDGE

28                                   3